UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PETER GITZIS, by *guardian ad litem,* IRINA
GALANOVA; and IRINA GALANOVA,

                       Plaintiffs,

             - against -

SOFIYA NOZHNIK; LAW OFFICE OF
SOFIYA NOZHNIK PLLC; VLAD
PORTNOY; THE LAW OFFICES OF VLAD
PORTNOY, P.C.; MARGARITA SHINDNES;
and INTEGRATIVE ELDER CARE, LLC,

                       Defendants.
---------------------------------------------------------x
PETER GITZIS, by *guardian ad litem*, IRINA
GALANOVA; and IRINA GALANOVA

                       Plaintiffs,

             - against -

MIDWIN CHARLES, AMANDA TAFFY,
LESLEY M. DELIA, MOSHE MORTNER,
LOREN BAILY-SCHIFFMAN, DANIEL
ISAKOV, MARIA POGREBINSKY, and 40-
50 BRIGHTON FIRST ROAD
APARTMENTS CORP.,

                       Defendants.
---------------------------------------------------------x

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
19-CV-7273 (PKC) (RLM)
20-CV-175 (PKC) (RLM)

PAMELA K. CHEN, United States District Judge:

       Currently pending before the Court are two cases filed by Plaintiff Irina Galanova, *Gitzis v. Nozhnik*, No. 19-CV-7273, filed on December 30, 2019 (No. 19-CV-7273, Dkt. 1), and *Gitzis v. Charles*, No. 20-CV-175, filed on January 10, 2020 (No. 20-CV-175, Dkt. 1).[1] Galanova filed

---

[1] Unless otherwise noted, all citations to the record refer to the Docket in No. 19-CV-7273.

1

these two cases on her own behalf and as the "guardian" of her husband,[2] Plaintiff Peter Gitzis. (*See* No. 19-CV-7273, Dkt. 1, at ECF[3] 1; No. 19-CV-7273, Dkt. 1, at ECF 1.) Given the appearance of the signatures on the complaint, the Court presumes that Gitzis himself signed the complaint filed in No. 19-CV-7273, in addition to Galanova's signature on his behalf as his "guardian." (*See* Dkt. 1, at ECF 10.)

The Complaint in No. 19-CV-7273 was brought against Sofiya Nozhnik, Esq., Law Office of Sofiya Nozhnik PLLC, Vlad Portnoy, Esq., the Law Offices of Vlad Portnoy, P.C., Margarita Shindnes, and Integrative Elder Care LLC. (Complaint, Dkt. 1, at ECF 1.) It alleges violations of the Americans with Disabilities Act ("ADA") of 1990; 42 U.S.C. §§ 407, 1981, 1982, 1985, and 1986; 18 U.S.C. §§ 1951 and 1957; the Due Process Clause of the Fourteenth Amendment; and assorted state law claims. (*Id.*) The Complaint in No. 20-CV-175 was asserted against Midwin Charles, Amanda Taffy, Lesley M. DeLia, Moshe Mortner, Justice Loren Baily-Schiffman, Daniel Isakov, Maria Pogrebinsky, and 40-50 Brighton First Road Apartments Corp. (No. 20-CV-175, Complaint, Dkt. 1, at ECF 1.) That complaint asserts claims under the same constitutional provisions and federal statutes, in addition to state law claims. (*Id.*)

For the reasons stated on the record at the March 5, 2020 conference and the reasons set forth herein, the Court denies Galanova's request for a default pertaining to Defendant Nozhnik (No. 19-CV-7273, Dkt. 12) and dismisses both complaints in their entirety, without leave to amend. The Court also issues a filing injunction against Plaintiff Galanova, specifically preventing

---

[2] The Court notes that Galanova married Gitzis during the pendency of the two prior cases dismissed by the Court. *See Galanova v. Portnoy*, ___ F. Supp. 3d ___, 2020 WL 201714, at *2 (S.D.N.Y. 2020).

[3] Citations to "ECF" refer to the "Page ID" number generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

her from bringing any additional actions relating to the State Court's guardianship proceedings for Gitzis, both as an individual plaintiff and as the purported representative or guardian of Gitzis, without first seeking leave of the Court.

## BACKGROUND

For purposes of this Memorandum and Order, the Court assumes the parties' familiarity with the facts of this case.[4] In brief, the two cases currently pending before this Court are two of at least seven cases brought in federal district courts in the Eastern and Southern Districts of New York within the last three years by Galanova on her own and/or her husband's behalf, alleging the same or substantially similar claims pertaining to state guardianship proceedings. In 2012, Gitzis suffered a stroke, which caused permanent functional deficiencies. *See Gitzis*, 2020 WL 978826, at *1. Thereafter, Gitzis was referred to Adult Protective Services due to concerns that he was being financially exploited, and the City of New York initiated guardianship proceedings. *Id.* Galanova, who had held Plaintiff Gitzis's power-of-attorney, was suspended from that role. *Id.* In 2017, Defendant Portnoy was appointed as Guardian of Property for Gitzis. *Id.* (*See also* Jan. 21, 2020 State Order to Show Cause, Dkt. 19-1, at ECF 124.) Defendant Sofiya Nozhnik, Esq., was appointed Guardian of Person for Gitzis in 2019. *Gitzis*, 2020 WL 978826, at *1. (*See also* Jan. 21, 2020 State Order to Show Cause, Dkt. 19-1, at ECF 124.) On January 9, 2020, Gitzis was removed from Galanova's residence "out of concern for [his] safety and well-being." (*See* Dkt. 8 at ECF 43; *see also* Defendant Nozhnik's Affirmation of Urgency, Dkt. 8-2.)

---

[4] For a fuller discussion of the underlying facts and the state court proceedings, *see Gitzis v. Salzman*, No. 20-CV-1019 (BMC) (RLM), 2020 WL 978826, at *1–3 (E.D.N.Y. Feb. 28, 2020); *Galanova*, 2020 WL 201714, at *1–3; *Galanova v. Portnoy*, Nos. 17-CV-3179, 18-CV-3212 (PKC) (RLM), 2018 WL 3824126, at *1–2 (E.D.N.Y. Aug. 10, 2018).

3

Since the commencement of the state guardianship proceedings, Galanova has brought multiple lawsuits in the Eastern and Southern Districts of New York challenging different aspects of the state court's decisions. *See, e.g.*, *Gitzis*, 2020 WL 978826, at *3–4 (ruling on substantially similar claims as the ones asserted in these complaints and dismissing a claim brought against the undersigned); *Galanova*, 2020 WL 201714, at *4–8 (finding that Gitzis lacked capacity to sue and was not able to represent himself, that Galanova could not represent Gitzis since she is not an attorney, that the *Rooker-Feldman* doctrine and *res judicata* precluded the court's jurisdiction, and that Galanova otherwise failed to state a claim); *Galanova*, 2018 WL 3824126, at *3–5 (dismissing two lawsuits brought against the Guardian of Property). (*See also Gitzis v. Baily-Schiffman*, S.D.N.Y. No. 19-CV-7545, Dkt. 8 (dismissing case asserted against, *inter alia*, Justice Baily-Schiffman, the Commissioner of the Department of Social Services of the City of New York, and the property and personal guardians).)

## DISCUSSION

### I. Motions Relating to Service and Default in No. 19-CV-7273

At the outset, the Court notes that there was an error on the Docket Sheet for No. 19-CV-7273, leading to some confusion about proper service. When the Docket Sheet was initially prepared, rather than listing Defendant Nozhnik separately from her law office (collectively the "Nozhnik Defendants"), it mistakenly grouped them together as a single defendant.[5] Due to that error, the Clerk of Court did not issue the sufficient number of summonses, and it is unclear whether the summonses that were issued were for Nozhnik and/or her law office. The Court assumes that this error contributed to the confusion over service. That error has now been fixed.

---

[5] The same error occurred with respect to Defendant Portnoy and his law office, which was separately named as a defendant.

4

However, for this reason, the Court denies the Nozhnik Defendants' motion to dismiss to the extent they argue insufficient service of process and denies Plaintiffs' request for a Certificate of Default as to Defendant Nozhnik. (Dkt. 12.)

## II.  Dismissal of Nos. 19-CV-7273 and 20-CV-175

"The district court has the power to dismiss a complaint sua sponte for failure to state a claim, so long as the plaintiff is given notice and the opportunity to be heard." *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal quotation marks and citations omitted); *see also Mir v. Zucker*, No. 19-CV-6374 (CM), 2019 WL 5693695, at *1 (S.D.N.Y. Nov. 1, 2019) (quoting *Wachtler* in support of the same principle).  Plaintiffs here have been afforded ample opportunity to be heard in both cases.  In addition to the Order to Show Cause allowing Plaintiffs to demonstrate why these cases should not be dismissed, issued by this Court on January 15, 2020, the Court permitted Plaintiffs to file a supplemental letter by February 5, 2020 in response to the Nozhnick Defendants' motion to dismiss in No. 19-CV-7273, and again permitted supplemental briefing after scheduling a conference, with a due date of February 26, 2020.  Aside from Plaintiff Galanova's January 28, 2020 letter explaining why Gitzis could not show cause (Dkt. 8), and her February 4, 2020 letters addressing the purported default by the Nozhnick Defendants and Galanova's attempt to retain an attorney (Dkts. 11, 12), Galanova opted not to substantively reply to the show cause orders relating to the motions to dismiss or the filing injunction.

The Court now dismisses both complaints, in their entirety.  The Court dismisses the federal claims brought by Gitzis without prejudice as he is unable to assert claims on his own behalf and Galanova may not bring claims as his guardian.  The remaining federal claims asserted in the complaints are dismissed without prejudice under the *Rooker-Feldman* doctrine and, alternatively, because they fail to state a claim upon which relief can be granted.  The Court also

5

declines to assert supplemental jurisdiction over the remaining state law claims and dismisses them without prejudice.[6] *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003); *see also Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir. 1998) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.").

### A. Proper Plaintiffs

The Court dismisses all claims Gitzis asserts on his own behalf in No. 19-CV-7273, and all claims Galanova asserts on his behalf as his guardian. A plaintiff's ability to sue is determined "by the law of the individual domicile." Fed. R. Civ. P. 17(b)(1). Under New York law, the only way for an adult who has been declared legally incompetent to appear in a lawsuit is via his guardian. *See* N.Y.C.P.L.R. § 1201 ("[A] person judicially declared to be incompetent shall appear *by the committee of his property*.") (emphasis added); *see also James v. New York*, 415 F. App'x 295, 297 (2d Cir. 2011) (summary order) ("[T]he district court must not reach the merits of a claim filed on behalf of an incompetent person who is not properly represented by a suitable guardian and through counsel." (citation omitted)). Defendant Portnoy "was judicially appointed as Guardian for Gitzis by the New York State Supreme Court, Kings County after Gitzis was found to be incapacitated. Therefore, Portnoy alone may maintain suit on Gitzis's behalf and Gitzis is legally unable to represent himself *pro se*." *Galanova*, 2020 WL 201714, at *4. "Additionally, once a guardian is appointed for an incapacitated person, litigation against the guardian as representative of the incapacitated person should not proceed without the permission of the court which appointed the guardian." *Id.* at *4 n.8 (citing *Terry v. County of Suffolk, N.Y.*, 654 F. App'x 5, 6 (2d Cir. 2016) (summary order); *Wright v. Rickards*, 942 N.Y.S.2d 153, 154 (N.Y. App. Div.

---

[6] The Court declines to reach the Nozhnik Defendants' arguments pertaining to *res judicata* and collateral estoppel (*see* Dkt. 7, at 2), as there are other sufficient grounds on which to rest this decision.

2012)). There have been no allegations that Gitzis requested or was granted permission by the state court that appointed Portnoy Gitzis's property guardian to commence this action. All of Plaintiff Gitzis's claims in both complaints are, therefore, dismissed without prejudice. *See James*, 415 F. App'x at 297.

### B. Subject Matter Jurisdiction

Plaintiffs' claims must also be dismissed pursuant to the *Rooker-Feldman* doctrine, which "establishes 'the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments.'" *Pelczar v. Kelly*, 795 F. App'x 55, 56 (2d Cir. 2020) (summary order) (quoting *Sung Cho v. City of New York*, 910 F.3d 639, 644 (2d Cir. 2018)). *Rooker-Feldman* thus applies where the federal-court plaintiff: "(1) lost in state court, (2) alleges, in district court, injuries caused by the state-court judgment, (3) invites the district court to review and reject the state-court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered." *Id.* (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). *Rooker-Feldman* is applicable to exactly this instance. In both complaints, Plaintiff Galanova is seeking relief from state court proceedings that resulted in guardianship appointments as to Gitzis.

### C. Failure to State a Claim

Even if the complaints in these instances were not barred for the previously discussed reasons, Plaintiff Galanova's federal claims in both complaints should be dismissed, under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for failure to state a claim upon which relief can be granted.

#### 1. Legal Standard

To survive a motion to dismiss pursuant to FRCP 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

7

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation omitted).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). In addressing the sufficiency of a complaint, courts are required to accept the well-pleaded factual allegations contained within the complaint as true, *see Building Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012), but "need not credit conclusory statements unsupported by assertions of facts[,] or legal conclusions . . . presented as factual allegations," *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 404 (S.D.N.Y. 2001) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Additionally, "a court need not feel constrained to accept as truth conflicting pleadings that make no sense, or that would render a claim incoherent, or that are contradicted either by statements in the complaint itself or by documents upon which its pleadings rely, or by facts of which the court may take judicial notice." *Id.* at 405–06 (citing *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1095 (2d Cir. 1995)). At the same time, the Court is obligated to liberally construe a *pro se* plaintiff's claims and arguments. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

The Court finds that Plaintiff Galanova has not stated a claim upon which relief can be granted in either complaint. The complaints in these matters are wholly conclusory. They simply list the statutes pursuant to which Galanova's claims are asserted, and then copy-and-paste what

8

appear to be state statutes in the text of the Complaint. The only facts alleged in the complaints are that Gitzis suffered a stroke and meets the definition of an individual with a disability under the ADA and that Plaintiff Gitzis signed a form giving Plaintiff Galanova power-of-attorney authority as to Gitzis in 2012. The complaints otherwise merely recapitulate Justice Baily-Schiffman's decisions from the state court guardianship proceedings and include excerpts from affidavits and other court documents filed in state court proceedings. There are no specific facts alleged to support any of Galanova's claims for relief.

        2.        <u>Sections 1981 and 1982 Claims</u>

With respect to Plaintiff Galanova's 42 U.S.C. §§ 1981 and 1982 claims, she fails to allege any racial motivation or discrimination, a fatal defect. *Francis v. Kings Park Manor, Inc.*, 944 F.3d 370, 380 (2d Cir. 2019) ("In an action under §§ 1981 or 1982, a plaintiff must allege three elements: First, that the plaintiff is a member of a racial minority; second, that the defendant intended to discriminate based on the plaintiff's race; and third, that the discrimination concerned one of the enumerated statutory activities.").

        3.        <u>Disability Discrimination Claims</u>

Plaintiff Galanova's ADA claims are similarly deficient because they do not allege that any adverse action was taken against *her* due to her participation in the state court guardianship proceedings. Nor does Galanova plead that she has a disability. *See Davis v. N.Y.C. Dep't of Educ.*, 804 F.3d 231, 234–35 (2d Cir. 2015).

        4.        <u>Claims Construed as Arising Under Section 1983</u>

Section 407 of Title 42 "protects SSI and OASDI benefits from 'execution, levy, attachment, garnishment, or other legal process . . . [and] imposes a broad bar against the use of any legal process to reach all social security benefits." *Wash. State Dep't of Soc. and Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 382 (2003) (internal quotation marks and

citations omitted).  While a private action cannot be brought directly under this statute, it may be brought under 42 U.S.C. § 1983.  *See Maine v. Thiboutot*, 448 U.S. 1, 4–5 (1980); *Sykes v. Bank of Am.*, 723 F.3d 399, 405 n.4 (2d Cir. 2013) ("[S]uits in federal court under § 1983 are proper to secure compliance with the provisions of the Social Security Act on the part of participating States." (quoting *Thiboutot*, 448 U.S. at 4–5)).  Given Plaintiff Galanova's *pro se* status, the Court liberally construes her § 407 claim as arising under 42 U.S.C. § 1983.

Nevertheless, Plaintiff Galanova fails to state a claim upon which relief may be granted.  Plaintiff Galanova does not explain how *she* is entitled to Gitzis's benefits such that her statutory rights were violated.  Moreover, she does not particularize how Defendants in these two cases have a sufficiently close nexus to the State with respect to the challenged action, such that their private behavior may be treated as that of the State itself.  *Cf. Sykes*, 723 F.3d at 405–06.  It is of particular note that although guardians are "appointed by a court" they "exercise independent professional judgment in the interests of the clients they represent and are therefore not state actors for purposes of Section 1983."  *Storck v. Suffolk Cty. Dep't of Soc. Servs.*, 62 F. Supp. 2d 927, 941–42 (E.D.N.Y. 1999) (finding made in the context of law guardians appointed for children).

Plaintiff Galanova's due process claim, which the Court is also construing as arising under § 1983, is similarly unparticularized and fails for substantially the same reasons.  Also, Plaintiff Galanova fails to identify a property right of which she was deprived.

          5.      <u>Claims Brought Pursuant to Criminal Statutes</u>

Plaintiff Galanova also attempts to assert a claim pursuant to 18 U.S.C. §§ 1951 and 1957, which are criminal statutes that make it unlawful to interfere with commerce by threats or violence and to engage in monetary transactions in property derived from specified unlawful activity.

The Court is construing Plaintiff's claims as arising under the civil provision of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*

10

> To state a claim under RICO's civil provision, 18 U.S.C. § 1962(c), a plaintiff must allege "(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce."

*Liang v. Home Reno Concepts, LLC*, __ F. App'x ___, 2020 WL 747941, at *2 (2d Cir. 2020) (summary order) (quoting *Williams v. Affinion Grp., LLC*, 889 F.3d 116, 123–24 (2d Cir. 2018) (alterations omitted)). Galanova fails to allege a single fact that would support any one of these elements.

### 6. Sections 1985 and 1986 Claims

Finally, Plaintiff Galanova's claims under 42 U.S.C. §§ 1985 and 1986 fail as well, as Plaintiff does not assert any facts to support those causes of action.

> To prove a violation of Section 1985(3), a plaintiff must show the existence of (1) a conspiracy (2) for the purpose of depriving a person or class of persons of the equal protection of the laws, or the equal privileges and immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States.

*Mazzocchi v. Windsor Owners Corp.*, 204 F. Supp. 3d 583, 617 (S.D.N.Y. 2016) (internal quotation marks and citation omitted).

> The conspiracy need not be shown by proof of an explicit agreement but can be established by showing [that] the parties have a tacit understanding to carry out the prohibited conduct. Further, it must be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.

*Id.* (internal quotation marks and citations omitted). Plaintiff has not alleged any of these elements, as already discussed.

Plaintiff's Galanova's claim under 42 U.S.C. § 1986 fails because the statute, on its face, makes a successful § 1985 claim a predicate requirement.

11

### D. Judicial Immunity

The Court also dismisses the claims against Justice Loren Baily-Schiffman, the presiding judge over the underlying state guardianship proceedings, as she is immune from suit. *See Gross v. Rell*, 585 F.3d 72, 84 (2d Cir. 2009) ("A Judge will not be deprived of immunity because the action [she] took was in error, was done maliciously, or was in excess of [her] authority; rather, [she] will be subject to liability *only when [she] has acted in the clear absence of jurisdiction*." (quoting *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)) (emphasis in the original)). There is no allegation contained within these complaints that Justice Baily-Schiffman acted in the clear absence of jurisdiction.

### E. Denial of Leave to Amend

Finally, the Court acknowledges that while it would typically allow a *pro se* plaintiff to amend his or her complaint at least once prior to dismissing it, *see Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013), "[l]eave to amend may properly be denied if the amendment would be futile," *id.* at 140 (internal quotation marks, alterations, and citation omitted). The Court finds that amendment would be futile under these circumstances. As previously described, this is not the first instance Plaintiff Galanova has tried to bring these particular claims. Multiple courts have denied the same claims. Simply put, they are wholly and unavoidably without merit.

### III. Filing Injunction

On January 15, 2020, the Court issued a show cause order directing Plaintiff Galanova to explain why a filing injunction should not be issued against her to prevent her from bringing additional actions relating to Gitzis's state court guardianship proceedings, both in Galanova's individual capacity and as Gitzis's purported representative or guardian. On February 19, 2020, the Nozhnik Defendants also filed a motion for sanctions seeking a filing injunction in No. 19-CV-7273. (Dkt. 16.) That motion is now granted.

"In determining whether to restrict a litigant's future ability to sue, a court must consider 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 713–14 (2d Cir. 2019) (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). That inquiry includes an analysis of the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Id.* at 714 (quoting *Iwachiw v. N.Y.S. Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005) (*per curiam*)).

The Court finds that factors 1, 2, 4, and 5 heavily weigh in favor of instituting a filing injunction. As previously described, Plaintiff Galanova has filed multiple federal lawsuits relating to Gitzis's underlying guardianship proceedings. (*See* Discussion *supra*, at 3–4.)[7] The lawsuits filed by Plaintiff Galanova are the definition of duplicative as they continuously assert the same claims, frequently against the same entities. Given the number of times that Galanova has filed

---

[7] In addition to the previously described cases, the Court notes that the Southern District of New York had to consider Galanova's request to disqualify Defendant Portnoy as a representative of Gitzis in 2018. *Galanova v. Adam Leitman Bailey, P.C.*, No. 17-CV-4915 (VSB), 2018 WL 9489252, at *1 (S.D.N.Y. Oct. 12, 2018) (considering "(1) whether Vlad Portnoy, Esq., the court-appointed guardian of property for Plaintiff Gitzis, should be disqualified as Plaintiff Gitzis's representative in this action; (2) whether counsel for Defendants should be disqualified; and (3) whether this action should be discontinued on behalf of Plaintiff Gitzis.").

Also, on March 3, 2020, Plaintiff Galanova filed suit against, *inter alia*, the undersigned, Justice Baily-Schiffman, Defendant Nozhnik, Defendant Portnoy, Defendant 40-50 Brighton First Road Apartments Corp., and Defendant Isakov, for substantially the same claims raised in these cases and her other prior litigation. (*See Gitzis v. Chen*, E.D.N.Y. No. 20-CV-1149, Complaint, Dkt. 1.)

these suits against the same or similar parties, undaunted by the dismissal of each such case to date, combined with this Court's observations of Galanova's demeanor in court, the only conclusion the Court can draw is that her purpose is to harass Defendants and that she will not stop without a filing injunction. Moreover, the judicial resources expended on repeatedly adjudicating the same claims pose an unnecessary burden on our court system and divert precious judicial resources away from meritorious cases. In addition, Galanova's abuse of the judicial system has, and will continue, to deplete and squander the resources of Defendants—many of whom have the responsibility of caring and providing for Gitzis and others in need of guardianship appointments—who have now been sued multiple times in different fora.

For these reasons, Plaintiff Galanova is henceforth barred from filing any action in federal court in the Eastern District of New York that relates, in any way, to Gitzis's state court guardianship proceedings, without first seeking permission from the Court.

**IV.     Motion for Reconsideration**

The Court grants, in part, the Nozhnick Defendants's motion for reconsideration. (Dkt. 16.) The Court had previously directed Defendants to provide the Court, *ex parte* and under seal, Gitzis's current mailing address. However, given the Court's finding that Gitzis cannot represent himself, the Court, in the alternative, directs the Nozhnik Defendants, as the Guardian of Person for Gitzis, to apprise him of the content of this Memorandum and Order.

## CONCLUSION

For the reasons stated herein, the Court denies Plaintiffs Galanova and Gitzis's request for a Certificate of Default as to Defendant Nozhnik and denies the Nozhnik Defendants' motion to dismiss to the extent it is based on Plaintiffs' failure to effectuate proper service. Moreover, the Court dismisses both complaints, in their entirety. The federal claims brought by Plaintiff Gitzis are dismissed without prejudice. The federal claims brought by Plaintiff Galanova are dismissed

14

without prejudice pursuant to the *Rooker-Feldman* doctrine, and, alternatively, for failing to state a claim upon which relief can be granted.  The Court declines to assert supplemental jurisdiction over Plaintiffs' remaining state law claims.

The Court issues a filing injunction against Plaintiff Galanova: she is henceforth barred from filing any action in federal court in the Eastern District of New York that relates, in any way, to Gitzis's state court guardianship proceedings, without first seeking permission from the Court.

The Clerk of Court is respectfully directed to enter judgments and close these cases:  Nos. 19-CV-7273 and 20-CV-175.  The Court further respectfully directs the Clerk of Court to open any future filings from Irina Galanova as a miscellaneous matter.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 27, 2020
       Brooklyn, New York